

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY LEE QUIGG,<br><br>Defendants. | CR 15-147-BLG-SPW-02<br><br>ORDER |

Before this Court is Defendant Gary Quigg's Request for Permission to File a Pro Se Motion. (Doc. 88). Quigg is represented by Vernon Woodward, a well-respected and competent Billings attorney. This Court has not received any motions from Mr. Woodward with respect to the issues raised in Quigg's pro se motion.

The Ninth Circuit has held that no criminal defendant has a constitutional right to hybrid representation, under which the defendant participates, along with his counsel, in his own defense. 28 U.S.C. § 1654; *McKaskle v. Wiggins*, 465 U.S. 168 (1984); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981). In fact, courts have generally held that these two rights are mutually exclusive. *See United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) ("'The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other.'").

1

The circuits that have considered the question have held that the decision to allow hybrid representation is a matter committed to the sound discretion of the trial court. *Halbert*, 640 F.2d at 1009; *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987); *Mosely*, 810 F.2d at 97-98; *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir.); *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975).

As this Court noted in its previous Order rejecting Quigg's previous pro se filing, Quigg invoked his right to counsel at his initial appearance thereby waiving his right to self-representation. *Mosely*, 810 F.2d at 97 (the invocation of one right constitutes a waiver of the other). Quigg has made no showing that his current attorney is inadequate, nor why his attorney cannot bring the motion for which Quigg seeks permission to file pro se.

Although most of the cases discussing hybrid representation do so in the context of a trial (that is, examining what role a defendant should be allowed to play in conducting cross examination and presenting arguments at trial before a jury), the court finds that the analysis contained in those cases is equally applicable to the pretrial stage of the present action. This is particularly the case with regard to pretrial motions because matters of strategy and tactics are said to be within the exclusive province of trial counsel. *See Jones v. Barnes*, 463 U.S. 745, 751–53 (1983) (acknowledging the superior ability of trained counsel in the "examination

into the record, research of the law, and marshalling of arguments on [defendant's] behalf"). According to the ABA Model Rules of Professional Conduct,"[i]n a criminal case, the lawyer shall abide by the client's decision, ... as to a plea to be entered, whether to waive jury trial and whether the client will testify." Rule 1.2(a) (emphasis added). However, "[w]ith the exception of these specified fundamental decisions, an attorney's duty is to take professional responsibility for the conduct of the case, after consulting with his client." *Jones*, 463 U.S. at 753 n. 6

Moreover, an attorney is presumed competent whether appointed or retained. *Cuyler v. Sullivan*, 446 U.S. 335, 344, (1980). Consequently, a trial court must be able to rely on an appointed attorney's judgment in deciding not only what kind of pretrial motions should be filed but also whether and when they should be filed. Otherwise, a court could be faced with inconsistent and possibly even contradictory motions from the defendant and his assigned attorney.

Given this court's large criminal caseload, it would be inefficient and wasteful for the court to become embroiled in these disagreements. *See Berger, The Supreme Court and Defense Counsel: Old Roads, New Paths-A Dead End?*, 86 Colum.L.Rev. 9, 41–45 (1986). Such disputes are to be resolved between a defendant and his attorney and are protected by the attorney-client privilege. Not only would the court's involvement be wasteful of judicial resources, often times the substance of the dispute between an attorney and his client is privileged

3

information. In the event the dispute is so great so as to prevent the preparation and presentation of an adequate defense, a defendant may request the appointment of a new attorney. *See Daniels v. Woodford*, 428 F.3d 1181, 1198 (9th Cir. 2005).

Therefore, in light of the presumption of defense counsel's competence, the recognized deference given to attorneys in strategic and tactical matters, and the scarcity of judicial resources, and in the absence of special circumstances to the contrary, the court finds Quigg is not entitled to engage in hybrid representation by filing motions without the aid of his court-appointed counsel.

Accordingly, IT IS HEREBY ORDERED that Defendant's Request For Permission to File a Pro Se Motion (Doc. 88) is DENIED in its entirety.

DATED this 13th day of January 2017.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

4