

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> GARY LEE QUIGG; DUSTY WHITEHOUSE, <br><br> Defendants/Movants. | Cause No. CR 15-147-BLG-SPW-02 <br> CR 15-147-BLG-SPW-03 <br><br> ORDER DENYING <br> MOTIONS FOR RECUSAL |

Gary Lee Quigg and Dusty Whitehouse, co-defendants at trial, have each filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. They are federal prisoners proceeding pro se. With their § 2255 motions, each filed a motion to recuse the Honorable Susan P. Watters, who presided at trial and at sentencing. Judge Watters referred the recusal motions to this Court for decision. *See* Order (Doc. 236).

Neither Quigg nor Whitehouse say whether they rely on 28 U.S.C. § 144 or § 455. The Court will consider both. "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th

1

Cir. 2012). Applying the standard requires "a realistic appraisal of psychological tendencies and human weakness." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 883–84 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

Both Quigg and Whitehouse assert that Judge Watters failed to address issues they attempted to raise *pro se* before trial. It is normal for judges to defer to counsel's judgment and to hear counsel rather than the defendant. A defendant who is represented by counsel and who has not been permitted to engage in hybrid representation has no legal right to speak for himself. Judge Watters explained this twice to Quigg and once to Whitehouse. *See* Order (Docs. 81, 89, 97). These facts provide no reason to infer that Judge Watters was biased or prejudiced.

Failure to address her *pro se* motions is the only basis Whitehouse alleges for Judge Watters' recusal. *See* Whitehouse Mot. & Aff. (Doc. 228) at 2 ¶¶ 3–5. Evidently, she finds in Quigg's further allegations no reasonable support for an inference of bias or prejudice. Whitehouse's motion is denied.

Quigg alleges two extrajudicial sources of bias or prejudice: "Judge Watters is a former law partner of Vern Woodward" and "socialized" with him, and Judge Watters "is married to a retired Detective from the Billings Police force." Quigg Aff. (Doc. 223) at 2 ¶¶ 3, 8.

Quigg does not allege that the retired Detective Watters played any role in

2

investigating the facts of this case. Nor does he allege that Judge Watters has any continuing connection with Woodward's firm.[1] Judges frequently preside in matters involving long-ago law partners, see, e.g., *United States v. Mendoza*, 468 F.3d 1256, 1263 (10th Cir. 2006), especially in a small jurisdiction like Montana. Further, a judge who used to be a prosecutor and who worked with officers and agents will frequently hear and evaluate their testimony without being presumed biased or prejudiced. That connection is less tenuous than the one Quigg describes—a former defense lawyer/state judge's marriage to a retired detective previously employed by the same municipal force that previously employed a trial witness. A reasonable person would not infer a possibility of bias or prejudice from Quigg's allegations. *Cf.* 28 U.S.C. § 455(b)(1), (4), (5).

Quigg also points to an order in the record of the case that, he avers, expressed "personal belief in vouching for Vern Woodward, that, 'Quigg is represented by Vernon Woodward, a well-respected and competent Billings attorney.'" *Id.* at 2 ¶ 6 (quoting Order (Doc. 89) at 1). The order said what every judge necessarily believes: that counsel appointed by the court is competent and

---

[1] Judge Watters was not a partner in the firm, and her connection with it ended when she became a state district court judge in 1998. She remained on the state bench until 2013, when she was named to the federal bench. *See* Fed. R. Evid. 201(b). These facts, however, hardly matter, as Quigg's allegations are not sufficient in and of themselves to warrant recusal.

3

well-respected enough to be entrusted with decisions about how to defend the case. Otherwise, counsel would not be a member of the panel of attorneys available for appointment in criminal cases. Rule 4(a) of the § 2255 Rules requires the judge who presided over trial, who will frequently be the judge who appointed counsel,[2] to rule on the § 2255 motion, including any allegations of ineffective assistance of counsel. Judge Watters' Order (Doc. 89) does not support a reasonable inference of bias or prejudice in counsel's favor or against Quigg.

All of Quigg's other allegations refer to rulings made (or not made) in the course of the criminal case. See Quigg Aff. (Doc. 223) at 2–3 ¶¶ 6, 9–11. They do not remotely suggest "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 556 & n.3 (1994).

As noted, motions under 28 U.S.C. § 2255 are meant to be decided by "the judge who conducted the trial and imposed sentence." See Rule 4(a), Rules Governing § 2255 Proceedings; see also 28 U.S.C. § 2255(a). "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." Clemens v. United States Dist. Court, 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting Nichols v. Alley, 71 F.3d 347, 351 (10th

---

[2] The Honorable Carolyn Ostby appointed Woodward. See Order (Doc. 32).

Cir. 1995)). Quigg fails to allege any basis for a reasonable person to infer that Judge Watters should not decide his case.

Accordingly, IT IS ORDERED that the motions for recusal (Docs. 223, 228) are DENIED.

DATED this 16th day of August, 2019.

Dana L. Christensen, Chief Judge
United States District Court